| iPLOTKIN, Judge,
dissenting in part; concurring in part.
In this ease, the trial judge found that the defendant failed to carry his burden of proving by clear and convincing evidence that he was not competent to proceed to trial. At the time of this determination, the burden of clear and convincing evidence imposed by statute was impermissibly high. Because of the presumption of regularity in trial court proceedings, we can presume that the trial judge applied the statute as written and therefore erred. Because of this presumptive error of law, this court is empowered to review the transcript of the competency hearing de novo and determine whether the defendant proved by a preponderance of the evidence that he was not competent to proceed to trial. That is the approach correctly taken by this Court in State v. Silva, 96-0407 (La.App. 4th Cir. 9/3/97), 699 So.2d 487. Thus, there is an obvious conflict within this panel which should be resolved by the Supreme Court. The Louisiana Second Circuit Court of Appeal in State v. Wilson, 28,403 (La.App.2d Cir. 8/21/96), 679 So.2d 963, has also followed this approach.
I see no advantage and tremendous waste of trial court resources in an appellate court remanding to a trial judge for a ruling on a completed transcript. It is neither mandated by statute nor implicit in our system of constitutional government that this issue be determined by the trial court in the first instance. Given the number of cases in which the burden of proving competency was potentially impermissibly high, I believe that the result of this Court establishing |2a policy of remand in this application will be to further dilute the resources of overburdened criminal district courts.
Accordingly, I have reviewed the transcript of the trial court’s competency hearing in this case and find that exceptional circumstances exist in this particular ease, thus it should be remanded to the trial court. The only testimony offered at the competency hearing was the testimony of Dr. Kenneth A. Ritter, a psychiatrist who testified on behalf *379 of the State.[1] Dr. Ritter examined the defendant on six separate occasions and found the following: that the defendant understood the nature of the charges against him, that the defendant understood the nature of the proceedings and that the defendant did not have any permanent mental damage or psychosis of any kind. Moreover, Dr. Ritter testified that the defendant showed no evidence of anything which would impair his ability to assist his attorney, nor did he exhibit an inability to distinguish between right and wrong. In short, Dr. Ritter found that the defendant was competent according to the “Bennett Criteria.”
However, there remains an unresolved question regarding the defendant’s Intelligence Quotient (IQ). Determination of the defendant’s IQ is critical to resolution of the competency .issue. The trial court questioned Dr. Ritter at length regarding two vastly different results attained by the defendant when his IQ was tested. The first time he was tested in 1983, defendant scored a fifty-one, which would classify him as mentally retarded. The second time he was tested in 1986, defendant scored a seventy-two which would classify him not as retarded, but rather, borderline intelligent. This is a significant and highly important discrepancy. While Dr. Ritter unquestionably believes that the second test is correct, in an abundance of caution, I believe that the defendant’s IQ should be re-tested to resolve any doubts regarding his competency.
laAccordingly, I respectfully dissent from the majority opinion remanding the case for a ruling on the competency issue under the correct standard, but due to exceptional circumstances, I would remand this ease for a determination of the defendant’s correct IQ because it is crucial to settle any doubts regarding the defendant’s competency.

. In support of Dr. Ritter’s opinion, the parties stipulated that Dr. Medina would testify that the defendant was competent to testily according to the “Bennett Criteria” and that he would agree with Dr. Ritter's testimony, if he were called to testify.